CITIZENS STATE BANK, Plaintiff-Appellee, *v.* FRANK G. RAUSCH *et al.*, Defendants-Appellants.

(No. 55954; ▮▮▮▮▮▮)

First District—January 23, 1973.

Richard M. Calkins, of Chicago, for appellants.

Theodore Sharf, of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This is an appeal and a cross-appeal from a decree entered on January 29, 1971 denying relief to plaintiff, Citizens State Bank, and to counter-

plaintiffs, Frank G. Rausch and Vivian Rausch. The sole issue raised by both parties is whether the decree was supported by the evidence.

The action was initiated by plaintiff's complaint, seeking to compel delivery of stock certificates which were allegedly pledged by defendants in December, 1963 as security for the refinancing of a previous loan to Black Acres Farm, Inc. Defendants counter-claimed for other stock certificates, held by plaintiff, which were allegedly pledged by defendants as security for the previous loan. Extensive physical and testimonial evidence was presented to a Master in Chancery. His report made the following recommendations and findings: (1) That plaintiff be denied relief upon its complaint, because one condition in the suretyship agreement—that defendants receive a second mortgage on Black Acres Farm as consideration—had not been fulfilled to the actual knowledge of the pledgee Bank. (2) That counter-plaintiffs be denied relief upon their counterclaim because Citizens State Bank held the contested stock certificates pursuant to a valid written contract of suretyship between counter-plaintiffs and Black Acres Farm, Inc. The Chancellor adopted the Master's report almost verbatim, and this appeal and cross-appeal followed.

■■ We have carefully examined the record pertaining to plaintiff's complaint and conclude that there was sufficient evidence supporting the Master's findings that the December pledge of stock by defendants was conditioned upon their receiving a second mortgage on Black Acres Farm, that plaintiff was actually aware of that condition at the time of the pledge agreement, and that the condition was never fulfilled. Even if we were to accept plaintiff's contention that it was unaware of the condition, a different disposition would not be warranted. The surety agreement was negotiated by a special agent on defendants' behalf. Uncontroverted evidence established that the scope of the agency was limited by the requirement that defendants receive a second mortgage on Black Acres Farm in return for their pledge of shares of stock. Accordingly, the special agent was powerless to bind the defendants to an agreement, unless it contained the consideration demanded by defendants from Black Acres Farm. A principal is bound by the acts of his special agent only insofar as such acts are in accord with the conferred authority. (I.L.P. Agency § 162.) Persons dealing with a special agent are bound, at their peril, to ascertain the nature and extent of the agent's authority. (I.L.P. Agency § 161.) We therefore hold that the Master's finding and the Chancellor's decree denying relief to plaintiff were supported by the evidence.

We have also carefully examined the record pertaining to defendants' counterclaim, and conclude that the document entitled "Plaintiff's Ex-

hibit # 25-A" constituted an enforceable contract of suretyship, authorizing Citizens State Bank to hold the contested shares of stock as security for a loan to Black Acres Farm, Inc. We hold that the Master's finding and the Chancellor's decree denying relief to counter-plaintiff are supported by the evidence.

This opinion is filed and the case disposed of pursuant to Illinois Supreme Court Rule 23, adopted effective January 31, 1972.

We affirm.

Affirmed.

LEIGHTON and HAYES, JJ., concur.